HANDLEY ET AL VS ANDERSON.

Opinion delivered October 19, 1904.

1. *Interpleader—Appeal By.*

An interpleader not having properly made himself a party below by reason of having made no attempt to comply with the provisions of the statute relating thereto, has no standing in the case on appeal.

2. *Appeal—Assignments of Error—Bill of Exceptions.*

Assignments of error relating to the refusal of the trial court to quash a summons will not be considered on appeal when such error is not preserved in the bill of exceptions.

3. *Attachment—Motion to Quash—,Affidavit Filed, But no Complaint.*

> Where, in an attachment case brought in the U. S. Court, no complaint
> is filed, but the affidavit, except for the heading, contains every
> essential part of a complaint including prayer for judgment, the
> affidavit will serve for the complaint, and motion to quash upon such
> ground must be overruled.

4. *Attachment—Writ—Summons.*

> Where an attachment writ contained a summons clause, it will be held
> sufficient as a summons in such cases for the purpose of bringing the
> ·attachment suit, and is full compliance with Sec. 4967 Mansf. Dig.
> (3172 Ind. Ter. Stat.) providing for the filing of a complaint and
> issuance of summons as requisites to commencing an action.

Appeal from the United States Court for the Southern
District.

HOSEA TOWNSEND, Judge.

Action by G. G. Anderson against W. G. Handley.   W.
L. Goins interpleaded.   Judgment for plaintiff.   Defendant and
interpleader appeal.   Affirmed.

On October 1, 1900, appellee began suit against appellant
to enforce a landlord's lien by filing with the clerk of court the
following affidavit:

"In the United States Court for the Southern District of
the Indian Territory.   G. G. Anderson, Plaintiff, vs W. G.
Handley, Defendant.   Affidavit to Enforce Landlord's Lien.
The plaintiff, G. G. Anderson, states that the defendant, W.G.
Handley, is justly indebted to him in the sum of three hundred
and twenty dollars ($320.00) for rent during the year 1900 on a
part of what is known as the 'Juliuson Place,' situated about two
miles east of Ireton, Chickasaw Nation, Indian Territory, con-
sisting of about eighty acres of land, the same being and situated

in the northwest part of said farm, there being about twenty-five acres of said land planted in corn, and about fifty-five acres of the said farm planted in cotton, and that said sum due plaintiff, as aforesaid, is payment for one-fourth ($\frac{1}{4}$) of the cotton and one-third ($\frac{1}{3}$) of the corn; that the said W. G. Handley has produced on said farm during said year a crop of corn and cotton, a portion of which is now on said farm, and that the plaintiff has a lien on said crop for said rent.   The said plaintiff further states that the said defendant, W. G. Handley, has removed a portion of said corn and cotton from said farm without the plaintiff's consent, and without paying said rents, and is about to remove a portion of the balance of said corn and cotton from said farm without paying said rent, and without the consent of plaintiff.   Wherefore plaintiff prays for a writ of attachment, and for judgment for said sum and costs of suit, and all other and further relief to which he may be entitled in the premises.

G. G. ANDERSON.

"Subscribed and sworn to before me this 27th day of September, A. D. 1900.   J. W. CHERRYHOMES, Notary Public.  (SEAL)."

Whereupon on said day the clerk of court issued the following attachment to enforce said landlord's lien:

"United States Court, Indian Territory, Southern District —ss.:   G. G. Anderson, Plaintiff, vs W. G. Handley, Defendant. Attachment to Enforce Landlord's Lien.   The President of the United States of America to the United States Marshal for the Indian Territory, Southern District.   You are commanded to attach and safely keep all cotton and corn now on a part of what is known as the 'Juliuson Place,' situated about two miles east of Ireton, Chickasaw Nation, consisting of about eighty (80) acres of land—the same being situated in the northwest part of same

farm, twenty-five acres of said land being planted in corn and about fifty-five acres being planted in cotton—of the defendant W. G. Handley, produced on the farm of the plaintiff, G. G. Anderson, in said district and territory, during the year 1900, or so much thereof as will secure and satisfy the debt of three hundred and twenty dollars, claimed and sworn to by said plaintiff in the action entitled above, and the costs of said action; and you are also commanded to summon the said W. G. Handley to appear before the United States Court in the Indian Territory, Southern District, at Purcell, Indian Territory, on the 12th day of November, 1900, to answer the claim of said plaintiff for said debt and a lien on said crop for the amount thereof. You will make due return of this writ, with your proceedings thereon on the day above mentioned. Witness the Honorable Hosea Townsend, Judge of the United States Court in the Indian Territory, South. District, and the seal of said court, at Purcell, Indian Territory, this 1st day of October, A. D. 1900. C. M. Campbell, Clerk. By T. T. Green, Deputy Clerk."

This writ was placed in the hands of the United States marshal, and by him executed on the 3d of October, 1900, as shown by his return. Thereafter, and on November 6, 1900, the plaintiff filed his amended complaint and affidavit. Defendant, in November of 1900, filed motion to quash writ of summons, making special appearance therefor; and on November 17th filed motion to quash service, making special appearance therefor. On November 20, 1900, one W. L. Goins filed motion to discharge the attachment. On November 20th plaintiff filed motion to amend officer's return. On March 20, 1901, defendant filed a demurrer to the complaint of plantiff. On March 25, 1901, plaintiff demurred to the interplea of one W. L. Goins, and on March 25, 1901, plaintiff filed motion to dismiss interplea of W. L. Goins. On March 25, 1901, the court overruled the motion to quash the summons, defendant excepting, and on the same

day the court sustained defendant's motion to quash the servic and continued the cause for service. On said March 25, 1901, plaintiff filed motion to dismiss the interplea of Goins for a further reason that no pleadings had been filed by the interpleader. On the 30th day of May, 1901, plaintiff filed affidavit for warning order, and J. W. Hocker, Esq., was appointed attorney for nonresident defendant. The warning order was published and proof thereof filed on March 12, 1902. On the 14th of March, 1902, defendant filed motion to discharge attachment. On said March 14, 1902, defendant's motion to quash the attachment was overruled, and also the motion of W. L. Goins to quash order of attachment was overruled, the cause was tried to a jury to assess plaintiff's damages found by the jury to be $205, and the court entered judgment in the case as follows: "On the 14th day of March, 1902, this cause comes on to be heard, the plaintiff appearing in person and by his attorney J. W. Cherryhomes, Esq., but the defendant appeareth not. And it appearing to the court that the defendant has made appearance by his attorney and by filing demurrer to the complaint, but had failed to answer and refused to plead further, it is therefore adjudged and decreed that the plaintiff take judgment against the defendant by default, and that the attachment herein be sustained. It further appearing to the court that the plaintiff's claim is for unliquidated damages, it is further ordered by the court that a writ of inquiry be awarded to assess plaintiff's damages. Whereupon a jury of twelve good and lawful jurors come, to wit, Louis Lindsay and eleven others, and were sworn to try the issue, and after hearing the evidence and considering of their verdict return into open court the following verdict: 'We, the jury duly impaneled and sworn in the above-entitled cause, do find for the plaintiff in the sum of $205.00 as damages for rent. Louis Lindsay, Foreman.' It is therefore ordered, adjudged, and decreed by the court that the plaintiff have and recover of and from the defendant the sum of $205.00 damages and his costs herein expended.

And it further appearing to the court by the return of the marshal
that fifty-five (55) acres of cotton and twenty-five (25) acres of
corn had been attached by the marshal, it is therefore now or-
dered that the said marshal sell said corn and cotton at Ireton,
Chickasaw Nation, Indian Territory, to the highest and best
bidder, upon a credit of three months, first giving ten day's notice
by advertisement of the time and place and manner of sale, and
taking bond with security from the purchaser for the purchase
money, payable to himself, as marshal; said bond to have the
force and effect of a judgment.   When the said bond is collected
he will pay over the proceeds thereof in satisfaction of the fore-
going judgment and costs, and any excess remaining he will pay
the same to the defendant." On March 23, 1903, defendant
Handley and Goins each filed motion for appeal with the clerk of
the United States Court of Appeals, and the case stands in this
court upon this appeal.

J. W. Hocker, for appellants.

J. F. Sharp, for appellee.

GILL, J.   The record had to be corrected by certiorari
before even the foregoing unsatisfactory statement could be had.
Many motions, counter motions, demurrers, etc., are filed in this
case, some of which appear to have been considered by the court
below, and, if the others were considered, the record fails to so
state.   No motion for a new trial was filed.   As to the appeal of
W. L. Goins, he, having not been a proper party in the court
below, and having made no attempt to comply with the statute
in reference to becoming a party, has no standing whatever in
this court, and his appeal is therefore accordingly dismissed.

It is very doubtful whether the appellant Handley is in
better shape; trial of this cause having been had, and he having

filed no motion for a new trial therein. However, he seems to
have preserved, by bill of exception, the action of the court in
overruling his motion to quash the attachment order, and he
makes this one of his assignments of error. The third assign-
ment of error, namely, "that the court erred in overruling the
first motion of defendant to quash the pretended writ of sum-
mons issued herein," is not preserved in the bill of exceptions,
and is not properly before this court, and the only question for us
to consider in the case is whether or not the court erred in over-
ruling defendant's motion to quash the attachment in the case.
The motion reads as follows: "Now comes the defendant W. G.
Handley, and shows to the court that at the time of the issuance
of the order of attachment by the clerk in the above-entitled
cause that no action had been commenced by this plaintiff against
this defendant, in that no summons had issued, nor has a writ of
summons been issued in said cause, and no voluntary appearance
has been made. And your relator would further show to the
court that at the time of the issuance of said order of court no
complaint or declaration had ever been filed with the clerk, as
in such cases required by the statute, nor had there been a
voluntary appearance of the defendant in this cause. Wherefore
all and singular the foregoing facts being true, of which defendant
is ready to verify, defendant prays the court that the order of
attachment herein be quashed and held for naught." The
affidavit in support thereof reads as follows: "J. W. Hocker,
being sworn, upon his oath deposes and says that he is attorney
for nonresident above named, and that he has read the foregoing
motion, and that the allegations therein contained are true, in
that he searched the files in the office of the clerk of this honorable
court, and was informed by the clerk that no complaint had been
handed him or filed, and that the order of attachment was the
only writ issued by him; that no summons had been issued.
Affiant states that all this occurred after the property had been
attached under said order of attachment." An examination of

the record discloses the affidavit of plaintiff as it appears in the foregoing statement of facts, and defendant insists that the suit was not properly begun, because the affidavit had not the essentials of a complaint. An examination of the affidavit shows that it states the relation of landlord and tenant as between plaintiff and defendant; that the defendant is indebted to plaintiff for rents; that the defendant has removed, or is about to remove, crops from the demised premises; and prays for a writ of attachment, for judgment and costs of suit, and other relief. Except for the heading, the affidavit in concise language states every essential part of a complaint, including prayer for judgment; and the case of Sannoner vs Jacobson, 47 Ark. 31, 14 S.W. 458, and authorities therein cited, are conclusive upon this subject; and we might say, in passing, that an examination of the foregoing statement in reference to the writ of attachment shows that it has the summons clause upon it, and is sufficient as a summons in cases of this character, at least for the purpose of beginning the action, and is full compliance with section 4967 of Mansfield's Digest (section 3172, Ind. Ter. St. 1899). And the court finding no error in this record, the judgment of the court below is accordingly affirmed.

RAYMOND, C. J. and CLAYTON, J., concur.